## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**AMY DeHERRERA,**

  **Plaintiff,**

**vs.**              **Civil No. 09cv242 WPJ/RLP**

**NEW MEXICO TAXATION AND REVENUE**
**DEPARTMENT, and PHILLIP SALAZAR,**
**and LYNETTE TRUJILLO, individually,**

  **Defendants.**

### ORDER DENYING MOTION TO AMEND COMPLAINT

  **THIS MATTER** comes before the court on Plaintiff's Motion to Amend the Complaint (Docket No. 33).  The court, having read the motion, Defendants' Response , Plaintiff's Reply, and being otherwise fully advised, **FINDS** that the motion is not well taken and will be **DENIED**.

  Plaintiff has submitted two Proposed Second Amended Complaints, the first attached to her Motion to Amend (Docket 33, Exh. 1), replaced by a new version attached to her Reply brief. (Docket 40, Ex. 1).  The Proposed Second Amended Complaint appended to Docket No. 33 included a claim against the New Mexico Taxation and Revenue Department for violation of 42 U.S.C. §1983.  In her Reply Brief, Plaintiff concedes such a claim is futile on the basis of sovereign immunity.  (Docket No. 40, p. 1).

  Excluding the now abandoned claim, the Proposed Second Amended Complaint seeks to update Plaintiff's county of residence from the County of Santa Fe, New Mexico to the County of San Miguel, New Mexico (¶1),  and add additional factual allegations to her claim for violation of 42 U.S.C. § 1983 asserted against individual defendants Salazar and Trujillo.  (¶25).

  Plaintiff admits that the proposed Second Amended Complaint contains no new claims. (Docket No. 40, p. 1).  The additional factual allegations contained in the Proposed Second

Amended Complaint, although purportedly addressed to the alleged individual liability of defendants Salazar and Trujillo, are all directed the Defendant New Mexico Taxation and Revenue Department, which is immune from suit brought under 42 U.S.C. §1983.  Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002).

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir.1987). The court acknowledges the well-settled rule that motions to amend should be freely granted when justice requires. See, e.g., Bellairs v. Coors Brewing Co., 907 F.Supp. 1448, 1459 (D.Colo.1995).

Courts may deny leave to amend if the amendment would be futile. See Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir.2001); Jefferson County Sch. Dist. v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir.1999)("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson v. Beckel, 242 F.3d at 1239-40.  As previously indicated, Plaintiff concedes that asserting §1983 claims against defendant New Mexico Taxation and Revenue Department would be futile.

In ruling on a motion to amend it is also appropriate for the court to consider judicial economy and the most expeditious manner to dispose of the merits of the litigation. Select Creations, Inc. v.. Paliafito America, Inc., 830 F.Supp. 1213, 1216 (E.D.Wisc.1993).  The interests of justice would not be served by requiring the Defendants to respond to a proposed amended complaint which corrects an inconsequential allegation, Plaintiff's county of residence.

Accordingly, Plaintiff's Motion to Amend the Complaint (Docket No. 33) is **DENIED**.

2

**IT IS SO ORDERED.**

Richard L. Puglisi
Chief United States Magistrate Judge