IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMY DeHERRERA,

    Plaintiff,

vs.                                             Civ. 09-0242 WRJ/RLP

NEW MEXICO TAXATION AND REVENUE
DEPARTMENT, and PHILLIP SALAZAR
and LYNETTE TRUJILLO, individually,

    Defendants.

**Memorandum Opinion and Order
Granting in part and Denying in part
Plaintiff's Motion to Compel Written Discovery**

Plaintiff was employed by Defendant New Mexico Taxation and Revenue Department ("NMTRD" herein). She alleges that she "has experienced disparate treatment discrimination, retaliation and hostile work environment on the basis of her disabled status" following a sewage back-up and cleaning at the NMTRD building in 2006. She alleges this discrimination stemmed from her lobbying efforts with regard to the cleaning of the building, and that she was denied reasonable accommodation with regard to continuing work during a period of partial disability.[1]

Plaintiff served Interrogatories and Requests for Production on NMTRD. At issue are the answers, responses and objections posed by NMTRD to Interrogatories 6 and 10, and Requests for Production 5, 6 and 14.

---

[1] Count I: Violation of the New Mexico Human Rights Act by Defendant NMTRD.
 Count II: Violation of the Civil Rights Act of 1964, 42 U.S.C §2000 et sec., by Defendant NMTRD.
 Count III: Violation of 42 U.S.C. §1983 by Defendants Salazar and Trujillo.
 Count IV: Violation of 42 U.S.C. §1985 by all defendants.
 Count V: Wrongful termination and retaliatory discharge by Defendant NMTRD.
 Count VI: *Prima facia* tort by Defendant NMTRD.

1

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," and information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). **See Schlagenhauf v. Holder**, 379 U.S. 104, 114-15 (1964); **Sanchez v. Matta**, 229 F.R.D. 649, 654 (D.N.M.2004)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation." **Hickman v. Taylor**, 329 U.S. 495, 507 (1947). As a result, these rules "contemplate[ ] discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." **Anaya v. CBS Broadcasting, Inc**., 251 F.R.D. 645, 649-650 (D.N.M.2007). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure ." **Simpson v. Univ. of Colorado**, 220 F.R.D. 354, 356 (D.Colo.2004) (citations omitted); see also **Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 685 (D.Kan.1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome").

**Interrogatory 6** asks for the identity of every NMTRD employee who received the reasonable accommodation of an alternative workplace in 2006, 2007, 2008. **Requests for Production 5 and 6** seek production of all documents related to "reasonable accommodation"

2

negotiations (Request No 5) and specifically, the accommodation of an alternate work place. (Request No. 6).

NMTRD's answer to Interrogatory No. 6 stated that during the time frame listed, two employees utilized alternative work place accommodations requested under the Americans with Disabilities Act. Subsequently, defendant Lynette Trujillo testified at deposition that one of these employees had requested an alternative mode of transportation during working hours, not an alternative work place. (Docket 54, p. 5). NMTRD submitted the records of the one employee who was granted the accommodation of an alternative work place in redacted form to the court under seal. NMTRD objects to further identifying this employee, or providing documents related to the accommodation provided that employee, raising the employee's right to confidentiality.

Discovery concerning accommodations made for other employees "is relevant or at least has the potential to be relevant as it relates to any defense asserted by the defendant that it was unable to accommodate the plaintiff." **Scott v. Leavenworth Unified School Dist. No. 453**, 190 F.R.D. 583, 585 (D. Kan. 1999). I find that discovery related to the reasonable accommodation of alternate modes of transportation is not relevant to any claim or defense in this suit, and is not calculated to lead to the discovery of admissible evidence. NMTRD identified one instance in which an employee sought the reasonable accommodation sought by Plaintiff, an alternative work place.

**IT IS HEREBY ORDERED** that the records related to this accommodation shall be produced. However, the court is convinced that there are legitimate privacy concerns of non-litigants implicated in this production. Accordingly, NMTRD shall redact identifying information contained in these documents prior to production. [2]

---

[2] The court has reviewed the documents submitted under seal by NMTRD. NMTRD is directed to p. 20 of the 22 pages submitted, where the name of the individual seeking accommodation was not redacted. NMTRD's counsel will review all documents to be produced to redact identifying formation prior to

**IT IS FURTHER ORDERED** NMTRD shall produce these documents within ten (10) days of the date of this Order.

**Interrogatory No. 10** asks for the identity and contact information for every individual terminated by the NMTRD in 2006 and 2007, who identified an alleged disability as the reason for their work difficulties or absences.  NMTRD objected, raising the confidentiality interests of any such employees, as well as lack of relevance and because the information sought was not reasonably calculated to lead to the discovery of admissible evidence.  Despite these objections NMTRD answered that it was not aware of any employees that were terminated who identified an alleged disability as the reason for their work difficulties or absences.

Defendant Lynnette Trujillo was deposed after NMTRD served its interrogatory answers. At that deposition she was questioned about NMTRD's answer to Interrogatory No. 10, and was asked if she knew of other individuals who were terminated for failing to come to work while they were "in the middle of a worker's compensation matter."  It became apparent that the parties had a disagreement as to whether the word "terminated" and the term "separated without prejudice" were synonymous.  Ms. Trujillo stated that if the term "separated without prejudice" were substituted for "terminated" in Interrogatory No. 10, additional individuals could be identified, although she could not say so with certainty. (Docket No. 49, Ex. 3, depo. pp 58-60).

I find that in the context of Interrogatory No. 10, as clarified at the deposition of Ms. Trujillo, the word "terminated" should be considered synonymous with the term "separated without prejudice."

**IT IS HEREBY ORDERED** that, NMTRD shall answer Interrogatory No. 10, providing the identity and contact information for every individual terminated or separated without prejudice

---

production.

by the NMTRD in 2006 and 2007, who identified an alleged disability as the reason for their work difficulties or absences. The nature of the disability or the reason for the work difficulties or absences shall not be disclosed.

**IT IS FURTHER ORDERED** NMTRD shall provide this information within ten (10) days of the date of this Order.

**Request for Production No. 14** seeks records of all employee donations of leave to persons with illnesses, family problems and the like by all supervisors under Phillip Salazar's supervision from Jan. 1, 2005 through August 2007. Plaintiff contends (in her Reply) that production of such documents is relevant "(b)ecause (she) claims retaliation for maintaining her worker's compensation claim against Defendant NMTDR (sic), (and) she is entitled to inquire if other workers similarly requested donated leave, and received donated leave through the Department while the (Plaintiff) was denied the same request." (Docket No. 59, at 6-7). NMTRD objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence, as no claim is asserted in this suit that Plaintiff was improperly denied the opportunity to request donated leave. NMTRD also asserts the confidentiality interests of the other employees to whom leave was donated.

From the record before me, I cannot determine whether Plaintiff sought the opportunity to request donated leave. If she did and was denied that opportunity, the fact that other employees requested and received the opportunity to request donated leave could be relevant. However, the circumstances and details of any other employee's request for donated leave are not relevant to any claim or defense raised in this suit. Accordingly, Plaintiff's Motion to Compel NMTRD to Produce the documents requested in Request for Production No. 14 is denied.

Finally, in her Reply Plaintiff asks that this court order NMTRD to reframe all its discovery

responses and Responses to Requests for Admission utilizing the "plain English" meaning of the word "terminate." Plaintiff is asking the court to rule on the adequacy of NMTRD's discovery responses in the abstract. This the court will not do. This request is denied.

**IT IS SO ORDERED.**

Richard L. Puglisi
Chief United States Magistrate Judge