IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMY DeHERRERA,

    Plaintiff,

v.                                                        No. 09-cv-0242 WRJ/RLP

NEW MEXICO TAXATION AND REVENUE
DEPARTMENT, and PHILLIP SALAZAR
and LYNETTE TRUJILLO, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE FOR LACK OF PROSECUTION

THIS MATTER comes before the Court sua sponte. The docket in this case reflects that Plaintiff has not filed anything in this case for the past eight months. On March 22, 2011, the Court gave notice of its intent to dismiss this case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure (Doc. 78). That order gave Plaintiff 21 days to respond and show cause why the case should not be dismissed. Because 30 days have passed and Plaintiff has failed to comply with that order, and various other Court orders over the past eight months, the Court will now dismiss her case with prejudice.

Plaintiff has filed nothing in this case since her attorney withdrew seven months ago. On June 15, 2010, Plaintiff's counsel sought leave to withdraw from the case due to nonpayment of attorney's fees, indicating that his client opposed the motion (Doc. 67). A stay was granted until that motion was ruled on (Doc. 72). Plaintiff never responded to the motion to withdraw, and the motion was granted by the Court on August 6, 2010 (Doc. 74), effectively lifting the stay. In that order, the Court gave Plaintiff 30 days to find new counsel or indicate that she is proceeding pro

se. Plaintiff did neither. Despite the fact that it had been pending more than nine months, Defendant's Motion for Judgment on the Pleadings (Doc. 60), filed on June 2, 2010, was never responded to by Plaintiff. The Court granted the motion in full in a Memorandum Opinion and Order filed on March 22, 2011 (Doc. 77). The last pleading filed by Plaintiff is dated August 6, 2010.

A district court may sua sponte dismiss an action with prejudice if the plaintiff fails "to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (despite the plain language of the rule requiring a motion to dismiss filed by a defendant, it has "long been interpreted" to allow a court to do so sua sponte). The factors that a district court must consider include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Olsen*, 333 F.3d at 1204 (internal quotation marks omitted).

I find that these factors support dismissal. Defendants here are prejudiced by Plaintiff's long silence as it is difficult to defend against an action that is not being prosecuted. The judicial process is seriously interfered with because the Court cannot prosecute a case for a plaintiff and its ability to manage its cases is disadvantaged when a plaintiff does not respond to its orders. Plaintiff's culpability is apparent when she does not even respond to orders or offer any reasons for the lack of diligence in prosecuting the case. Plaintiff was warned on March 22, 2011 that dismissal would be the sanction for further failure to respond to orders in this case. Finally, lesser sanctions would not be effective where it is apparent that Plaintiff is nonresponsive even to the threat of dismissal of this action.

**THEREFORE, IT IS ORDERED** that the remaining claims in Plaintiff's complaint are hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE